UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

------------------------------------------------------------X

HENRY LACE on behalf of himself
and all others similarly situated,

                Plaintiffs,          Case No. 3:12cv 363

v.

FORTIS PLASTICS LLC          Jury Trial Demand

                Defendant.
------------------------------------------------------------X

## CLASS ACTION COMPLAINT

Plaintiff Henry Lace ("Plaintiff") alleges on behalf of himself and the class of those similarly situated as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as a result of, the mass layoff or plant closings ordered by Defendant with respect to a manufacturing facility located at 3615 Voorde Drive, South Bend, Indiana (the "South Bend Facility"), on or about December 1, 2011, and within 30 days of those dates, and who were not provided 60-days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.

2. Plaintiff and all similarly situated employees seek to recover up to 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

## JURISDICTION AND VENUE

3. The claims asserted herein arise under and pursuant to 29 U.S.C. § 2101 et seq.

4. Violations of the WARN Act alleged herein occurred in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) because the allegations detailed herein arise from Defendant's closing of their South Bend Facility in this district, and Defendant's corporate headquarters are located in this district.

## PARTIES

6. Plaintiff Henry Lace was employed by Defendant and worked at Defendant's South Bend Facility, which employed approximately 71 employees until his termination on or about December 1, 2011.

7. Until on or about their dates of termination, the Plaintiff and the other similarly situated former employees were employed by Defendant and worked at or reported to the South Bend Facility.

8. Defendant Fortis Plastics LLC ("Fortis"), is a limited liability company. At all relevant times, Fortis maintained and operated its corporate headquarters and the South Bend Facility at 3615 Voorde Drive, South Bend, Indiana, and maintained and operated additional sites and facilities, as that term is defined by the WARN Act, throughout the United States.

## **WARN ACT CLASS ACTION ALLEGATIONS**

9. Plaintiff brings the First Cause of Action for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's South Bend Facility and were terminated without cause on or about December 1, 2011 and within 30 days of that date, or were terminated without cause as the

reasonably foreseeable consequence of the mass layoffs and/or plant closing ordered by Defendant on or about December 1, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

10.   The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant. Plaintiff estimates the number of Class members to be approximately 71.

11.   On information and belief, the identity and recent address of each of the members of the Class is contained in the books and records of Defendant.

12.   On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination is contained in the books and records of the Defendant.

13.   Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

(a)   Whether the members of the Class were employees of the Defendant who worked at or reported to Defendant's South Bend Facility;

(b)   Whether Defendant, as a single employer, unlawfully terminated the employment of the members the Class without cause and without giving them 60-days advance written notice in violation of the WARN Act; and

(c)   Whether Defendant unlawfully failed to pay the members of the Class 60 days wages and benefits as required by the WARN Act.

14.   Plaintiff's claims are typical of those of the Class. The Plaintiff, like other Class members, worked at or reported to the South Bend Facility and was terminated without cause on or about December 1, 2011 due to the mass layoffs and/or plant closings ordered by Defendant.

15.   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has

retained counsel competent and experienced in complex class actions, including class actions in the employment context.

16. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. A class action is particularly superior in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

17. Concentrating all the potential litigation concerning the WARN Act rights of the of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

## CLAIMS FOR RELIEF

### As and For a FIRST Cause of Action
(Violations of WARN Act, 29 U.S.C. § 2101 et seq.)

18. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

19. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

20. At all relevant times, Defendant was an "employer," as that term is defined in 29

U.S.C. § 2101 (a)(l) and 20 C.F.R. § 639(a) and continues to operate as a business.

21. The South Bend Facility constituted a single site of employment within the meaning of the WARN Act.

22. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

23. On or about December 1, 2011 the Defendant ordered a mass layoff or plant closing at the South Bend Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

24. The South Bend Facility employed approximately 71 employees at the time of the plant closing. As a result, the mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C, §2101(a)(2) for at least fifty of Defendant's employees as well as at least 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C, § 2101(a)(8).

25. Plaintiff and the Class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the South Bend Facility.

26. The Plaintiff and the Class members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

27. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60-days advance written notice of their terminations.

28. Defendant provided approximately thirty days of notice to the employees at the South Bend Facility. Therefore, Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

29. The Plaintiff is, and each of the Class members is, an "aggrieved employee" of the

Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

30. Defendant failed to pay Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of the WARN action as a class action;

B. Designation of the Plaintiff as Class Representative of the WARN Class and payment of reasonable compensation to him for his time and effort in prosecuting this actions;

C. Appointment of the undersigned attorneys as Class Counsel in the WARN class actions;

D. A money judgment in favor of the Plaintiff and each class member equal to the sum of (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days for the work days in sixty calendar days prior to their respective terminations; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 USC §2104 (a)(1)(A);

E. A declaratory judgment in favor of Plaintiff declaring that Defendant wrongfully

failed to pay Plaintiff and the Class members (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days for the work days in sixty calendar days prior to their respective terminations; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 USC §2104 (a)(1)(A).

    F.  Interest as allowed by law;

    G.  Reasonable attorney fees and costs incurred in prosecuting this action; and

    H.  Such other and further relief as this Court may deem just and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff requests a trial by jury.

Dated: June 29, 2012

**ANDERSON AGOSTINO & KELLER, P.C.**

Peter J. Agostino, Atty. No. 10765-71
William L. Wilson, Atty. No. 16245-71
Anderson Agostino & Keller, P.C.
131 South Taylor Street
South Bend, IN 46601
Tel.: (574) 288-1510
Fax: (574) 288-1650
*Attorneys for Plaintiff
and the Proposed Class*

**HARWOOD FEFFER LLP**
Robert I. Harwood*
Peter W. Overs, Jr.*
Benjamin Sachs-Michaels
488 Madison Ave., 8th Floor
New York, New York 10022

Tel.: (212) 935-7400
Fax:  (212) 753-3630
*Pro Hac Vice Admission to be Requested*

**MAJOR KHAN LLC**
Major Khan
1120 Avenue of the Americas, Suite 4100
New York, NY 10036
Tel: 646-546-5664
Fax: 646-546-5755