UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HENRY LACE on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) FORTIS PLASTICS LLC and MONOMOY ) CAPITAL PARTNERS ) ) Defendants. ) | CASE NO. 3:12-CV-363 |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

The Defendant, Fortis Plastics LLC ("Fortis"), by counsel, for its Answer to the First Amended Class Action Complaint filed by the named Plaintiff Henry Lace ("Lace"), on behalf of himself and all others to which he alleges to be similarly situated (collectively, "Plaintiffs"), states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf of himself, and other similarly situated former employees of each of Fortis Plastics LLC and Monomoy Capital Partners (collectively "Defendants"), as a "single employer", and who were terminated without cause, as part of, or as a result of, the mass layoff or plant closings ordered by Defendants with respect to a manufacturing facility located at 3615 Voorde Drive, South Bend, Indiana (the "South Bend Facility"), on or about December 1, 2011, and within 30 (thirty) days of that date, and who were not provided 60-days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

**ANSWER:** Fortis admits that it operated a manufacturing facility located at 3615 Voorde Drive, South Bend, Indiana (the "South Bend Facility"). Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 1 of the Complaint

2. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and other accrued benefits, pursuant to 29 U.S.C. § 2104, from Defendants.

**ANSWER:** Fortis denies that Lace is entitled to any relief on the basis of the claims asserted in the Complaint. Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 2 of the Complaint.

3. In addition, Defendant refused to compensate Plaintiff and other similarly situated former employees for accrued vacation time, in violation of the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1, ("Wage Payment Law).

**ANSWER:** Fortis denies any and all allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. The claims asserted herein arise under and pursuant to 29 U.S.C. § 2101 et seq.

**ANSWER:** Fortis admits that the Complaint asserts claims to 29 U.S.C. § 2101 et seq. (the "WARN Act") but denies liability thereunder. Fortis denies any remaining allegations in paragraph 4 of the Complaint

5. Violations of the WARN Act alleged herein occurred in this district.

**ANSWER:** Fortis denies any and all allegations in paragraph 5 of the Complaint.

6. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) because the allegations detailed herein arise from Defendants' closing of their South Bend Facility in this district, and Defendant Fortis' corporate headquarters are located in this district.

**ANSWER:** Fortis admits that its corporate headquarters and the South Bend Facility were located in the Northern District of Indiana. Fortis denies any allegations in paragraph 6 of the Complaint as to venue as

2

these allegations call for a legal conclusion.  Fortis denies any remaining allegations in paragraph 6 of the Complaint.

## PARTIES

7.  Plaintiff Henry Lace was employed by Defendants and worked at Defendants' South Bend Facility.

> **ANSWER:** Fortis denies any and all allegations in paragraph 7 of the Complaint.

8.  Until on or about their dates of termination, the Plaintiff and the other similarly situated former employees were employed by Defendants and worked at or reported to the South Bend Facility.

> **ANSWER:** Fortis admits that there was more than one employee working at the South Bend Facility.  Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion.  Fortis denies any remaining allegations in paragraph 8 of the Complaint.

9.  Defendant Fortis Plastics LLC ("Fortis") is a limited liability company.  At all relevant times, Fortis maintained and operated its corporate headquarters and the South Bend Facility at 3615 Voorde Drive, South Bend, Indiana, and maintained and operated additional sites and facilities, as that term is defined by the WARN Act, throughout the United States.

> **ANSWER:** Fortis admits that it is a limited liability company.  Fortis admits that it previously maintained and operated its corporate headquarters and the South Bend Facility at 3615 Voorde Drive, South Bend, Indiana and maintained other operations elsewhere in the United States.  Fortis denies any allegations in paragraph 9 of the Complaint as to terms defined by the WARN Act as these allegations call for a legal conclusion. Fortis denies any remaining allegations in paragraph 9 of the Complaint.

10.  Defendant Monomoy Capital Partners ("Monomoy") is a private equity firm.  At all relevant times, Monomoy maintained and operated its corporate headquarters at 142 West 57th Street, New York, New York, and was the sole owner of Fortis.  Upon information and

3

belief, at all relevant times, Monomoy maintained a continuous presence at the South Bend Facility in connection with its conducting business through its de facto control of Fortis and the South Bend Facility as detailed below.

> **ANSWER:** Fortis is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. On information and belief, at all relevant times, Defendants, as a single employer, maintained and operated the South Bend Facility.

> **ANSWER:** Fortis denies any and all allegations in paragraph 11 of the Complaint.

12. Defendants at all relevant times, as a single employer, employed approximately 63 persons at the South Bend Facility, including Plaintiff.

> **ANSWER:** Fortis denies any and all allegations in paragraph 12 of the Complaint.

13. Defendants constituted a "single employer" of Plaintiff and the Class members in that, among other things:

   a. On information and belief, Defendants shared common officers, executives, and directors;

   b. On information and belief, Fortis is a wholly owned subsidiary of Monomoy;

   c. On information and belief, Fortis and Monomoy directly or indirectly owned the South Bend Facility;

   d. On information and belief, Monomoy and Fortis exercised de facto control over the labor practices governing Plaintiff and the Class members, including the decision to order the plant closing at the South Bend Facility;

   e. On information and belief, there was a unity of personnel policies emanating from a common source between Defendants;

   f. On information and belief, there was a dependency of operations between Defendants;

   g. On information and belief, Fortis and Monomoy jointly made the labor decisions concerning Plaintiff's employment, including the decision to terminate his employment.

   **ANSWER:** Fortis denies any and all allegations in paragraph 13 of the Complaint.

14. On information and belief, Monomoy's de facto control over Fortis was manifested by, among other things:

   a. At least weekly calls between Monomoy partners, including Stephen Presser, Mayank Singh, and David Kreilein and Fortis management concerning the operation, financial condition, and management of the South Bend Facility;

   b. Fortis paying Monomoy $500,000.00 in management fees annually; and

   c. Monomoy deploying its partners and other personnel to supervise the management of the South Bend Facility, including overseeing personnel decisions and the ultimate decision to close the South Bend Facility.

   **ANSWER:** Fortis denies any and all allegations in paragraph 14 of the Complaint.

## WARN ACT CLASS ACTION ALLEGATIONS

15. Plaintiff brings the First Cause of Action for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or

5

reported to Defendants' South Bend Facility and were terminated without cause on or about December 1, 2011 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closing ordered by Defendants on or about December 1, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

> **ANSWER:** Fortis admits that Lace brings his First Cause of Action alleging a violation of 29 U.S.C. §2101 *et seq.* but denies any liability thereunder. Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 15 of the Complaint.

16. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants. Plaintiff estimates the number of Class members to be approximately 63.

> **ANSWER:** Fortis denies any and all allegations in paragraph 16 of the Complaint

17. On information and belief, the identity and recent address of each of the members of the Class is contained in the books and records of Defendants.

> **ANSWER:** Fortis denies any and all allegations in paragraph 17 of the Complaint

18. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination is contained in the books and records of the Defendants.

> **ANSWER:** Fortis is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint

19. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

(a) Whether the members of the Class were employees of the Defendants who worked at or reported to Defendants' South Bend Facility;

(b) Whether Defendants, as a single employer, unlawfully terminated the employment of the members of the Class without cause and without giving them 60-days advance written notice in violation of the WARN Act; and

(c) Whether Defendants unlawfully failed to pay the members of the Class 60 days wages and benefits as required by the WARN Act.

**ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 19 of the Complaint

20. Plaintiff's claims are typical of those of the Class. The Plaintiff, like other Class members, worked at or reported to the South Bend Facility and was terminated without cause on or about December 1, 2011 due to the mass layoffs and/or plant closings ordered by Defendants.

**ANSWER:** Fortis is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, including class actions in the employment context.

**ANSWER:** Fortis is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. A class action is particularly superior in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

> **ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 22 of the Complaint

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

> **ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 22 of the Complaint.

## CLAIMS FOR RELIEF

### As and For a FIRST Cause of Action
(Violations of WARN Act, 29 U.S.C. §2101 *et seq.*)

24. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

> **ANSWER:** Fortis incorporates by reference all admissions, allegations, and denials contained in Paragraphs 1 through 23 above as if fully set forth herein.

25. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

> **ANSWER:** Fortis is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. At all relevant times, each Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(l) and 20 C.F.R. § 639(a) and continues to operate as a business.

> **ANSWER:** Fortis denies any allegations in paragraph 26 of the Complaint as to terms defined by the WARN Act as these allegations call for a legal

8

conclusion.  Fortis denies any remaining allegations in paragraph 26 of the Complaint.

27. The South Bend Facility constituted a single site of employment within the meaning of the WARN Act.

>   **ANSWER:** Fortis denies any allegations in paragraph 27 of the Complaint as to terms defined by the WARN Act as these allegations call for a legal conclusion.  Fortis denies any remaining allegations in paragraph 27 of the Complaint.

28. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

>   **ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion.  Fortis denies any allegations in paragraph 28 of the Complaint as to terms defined by the WARN Act as these allegations call for a legal conclusion.  Fortis denies any remaining allegations in paragraph 28 of the Complaint.

29. On or about December 1, 2011 the Defendants ordered a mass layoff or plant closing at the South Bend Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

>   **ANSWER:** Fortis denies any allegations in paragraph 29 of the Complaint as to terms defined by the WARN Act as these allegations call for a legal conclusion.  Fortis denies any remaining allegations in paragraph 29 of the Complaint.

30. The South Bend Facility employed approximately 63 employees at the time of the plant closing. As a result, the mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as at least 33% of Defendants' workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

>   **ANSWER:** Fortis denies any and all allegations in paragraph 30 of the Complaint.

31. Plaintiff and the Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the South Bend Facility.

> **ANSWER:** Fortis denies any and all allegations in paragraph 31 of the Complaint.

32. The Plaintiff and the Class members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

> **ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. Fortis denies any allegations in paragraph 32 of the Complaint as to terms defined by the WARN Act as these allegations calls for a legal conclusion. Fortis denies any remaining allegations in paragraph 32 of the Complaint.

33. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60-days advance written notice of their terminations.

> **ANSWER:** Fortis denies any and all allegations in paragraph 33 of the Complaint.

34. Defendants provided approximately thirty days of notice to the employees at the South Bend Facility. Therefore, Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

> **ANSWER:** Fortis denies any allegations in paragraph 34 of the Complaint as to the requirements of the WARN Act as these allegations rely upon a legal conclusion. Fortis denies any remaining allegations in paragraph 34 of the Complaint.

35. The Plaintiff is, and each of the Class members is, an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

> **ANSWER:** Fortis denies any and all allegations in paragraph 35 of the Complaint.

36. Defendants failed to pay Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days

10

following their respective terminations, and failed to make pension and 401 (k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

> **ANSWER:** Fortis denies any and all allegations in paragraph 36 of the Complaint.

### As and For a SECOND Cause of Action
(Violation of the Indiana Wage Payment Law, Inc. Code)

37. Plaintiff realleges and incorporates by reference all allegations in all proceedings paragraphs.

> **ANSWER:** Defendants incorporate by reference all admissions, allegations, and denials contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. Plaintiff and similarly situated employees who worked at or reported to Defendant' Facility in Indiana were employees of Defendants.

> **ANSWER:** Fortis denies any and all allegations in paragraph 38 of the Complaint.

39. Defendants terminated the employment of Plaintiff and other similarly situated employees on or about December 1, 2011 or thereafter.

> **ANSWER:** Fortis denies any and all allegations in paragraph 39 of the Complaint.

40. On information and belief, Defendants had no published policy or agreement with employees alerting them that they would not be entitled to their accrued vacation time in case of non-voluntary termination.

> **ANSWER:** Fortis denies any and all allegations in paragraph 40 of the Complaint.

41. Defendants were therefore obligated to pay Plaintiff and the Class Members for their accrued but unused vacation time, pursuant to the Indiana Wage Payment Law, Ind. Code § 22-2-5-1.

> **ANSWER:** Fortis denies any and all allegations in paragraph 41 of the Complaint.

42. By failing to provide the compensation due to Plaintiff and other similarly situated employees of Defendants for accrued vacation time, Defendants have violated the Indiana Wage Payment Law.

> **ANSWER:** Fortis denies any and all allegations in paragraph 42 of the Complaint.

43. Defendants' violation of the Indiana Wage Payment Law was willful.

> **ANSWER:** Fortis denies any and all allegations in paragraph 43 of the Complaint.

44. As a result of Defendants' violations of the Wage Payment Law, Plaintiff and the other similarly situated employees are entitled to payments for accrued vacation time, statutory interest, and liquidated damages.

> **ANSWER:** Fortis denies any and all allegations in paragraph 44 of the Complaint.

45. Plaintiff has incurred, and the other similarly situated employees will incur, attorneys' fees in prosecuting this claim and are therefore entitled to an award of attorneys' fees and costs pursuant to Ind. Code §§ 22-2-5-1 and 22-2-5-2.

> **ANSWER:** Fortis denies any and all allegations in paragraph 45 of the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

      A.      Certification of the WARN action as a class action;

      B.      Designation of Plaintiff as Class Representative of the WARN Class and payment of reasonable compensation to him for his time and effort in prosecuting this action.

      C.      Appointment of the undersigned attorneys as Class Counsel in the WARN class action;

      D.      A money judgment in favor of Plaintiff and each class member equal to the sum of (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days for the work days in sixty calendar days prior to their respective terminations; (b) pension, 401 (k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 USC §2104 (a)(l)(A).

      E.      A money judgment in favor of Plaintiff and each class member for payment of accrued vacation time, interest, applicable liquidated damages, and attorneys' fees and costs pursuant to Ind. Code §§ 22-2-5-1 and 22-2-5-2.

      F.      A declaratory judgment in favor of Plaintiff declaring that Defendants wrongfully failed to pay Plaintiff and the Class members (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days for the work days in sixty calendar days prior to their respective terminations; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage

DMS_US 51127579v1

under that plan continued for such period, all determined in accordance with the WARN Act, 29 USC §2104 (a)(l)(A) and/or Ind. Code §§ 22-2-5-1;

    G..    Interest as allowed by law.

    H.    Reasonable attorney fees and costs incurred in prosecuting this action; and

    I.    Such other and further relief as this Court may deem just and proper.

**ANSWER:** Fortis denies that a class of similarly situated former employees exists as this allegation calls for a legal conclusion. To the extent that the portion of the Complaint cited in the Prayer for Relief contains a claim or allegations against Fortis, Fortis denies the allegations cited therein. As to the Prayer for Relief, Fortis requests that the Plaintiffs take nothing by way of the Complaint, that the Court grant judgment in favor of Fortis, and that the Court award Fortis its costs in this action and all other just and appropriate relief, including, but not limited to, relief raised by the affirmative defenses herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that properly lies with the Plaintiffs, Fortis asserts the following affirmative defenses:

### I.

As to any allegation contained in the Complaint not previously and specifically admitted, denied, or controverted, the same is hereby denied.

### II.

The Complaint fails to state a claim against Fortis upon which relief can be granted.

### III.

The Plaintiffs' claims may be barred, in whole or in part, by the statute of limitations and the doctrine of laches.

### IV.

Fortis substantially complied with all statutory requirements.

**V.**

Plaintiffs have failed to mitigate any damages they have allegedly sustained.

**VI.**

Any failure to provide sixty (60) days' notice pursuant to the WARN Act, to the extent required by the WARN Act, is excused on the basis of the faltering business exception.

**VII.**

Any failure to provide sixty (60) days' notice pursuant to the WARN Act, to the extent required by the WARN Act, is excused on the basis of the unforeseen business circumstances exception.

**VIII.**

Any act or omission that constituted a violation of the WARN Act was undertaken in good faith, and Fortis had reasonable grounds for believing that the act or omission was not a violation of the statute.

**IX.**

The named Plaintiff is not a proper representative of the putative class.

**X.**

Fortis reserves all rights to assert any additional defenses that develop as a result of discovery or as a result of future Court decisions.

WHEREFORE, Fortis requests that the Plaintiffs take nothing by way of their Complaint, that the Court grant judgment in favor of Fortis, and that the Court award Fortis its costs in this action and all other just and appropriate relief, including, but not limited to, relief raised by the affirmative defenses herein.

## OBJECTION TO PLAINTIFF'S JURY DEMAND

Fortis objects to plaintiff's jury demand to the extent it seeks a jury trial with regard to issues of an equitable nature which should be decided by the Court.

Dated:   January 25, 2013

                                           Respectfully submitted,

                                           s/Carl A. Greci

                                           Alison G. Fox (#21321-71)
                                           Carl A. Greci (#17351-49)
                                           FAEGRE BAKER DANIELS LLP
                                           202 S. Michigan Street, Suite 1400
                                           South Bend, IN 46601
                                           Phone:  (574) 234-4149
                                           Fax:    (574) 239-1900
                                           Carl.Greci@faegrebd.com
                                           Alison.Fox@faegrebd.com

                                           Erik Weinick (Admitted *pro hac vice*)
                                           OTTERBOURG, STEINDLER, HOUSTON &
                                           ROSEN, P.C.
                                           230 Park Avenue
                                           New York, New York 10169
                                           Phone:  (212) 661-9100
                                           Fax:    (212) 682-6104
                                           eweinick@oshr.com

                                         *Attorneys for Defendants Fortis Plastics, LLC*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on the 25th day of January, 2013, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Peter J. Agostino<br>
William L. Wilson<br>
Anderson Agostino &amp; Keller, P.C.<br>
131 Taylor Street<br>
South Bend, IN  46601<br>
agostino@aaklaw.com<br>
wilson@aaklaw.com

                                            s/Carl A. Greci\
                                                 Carl A. Greci

DMS_US 51127579v1