UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HENRY LACE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:12-CV-363 JD |
| FORTIS PLASTICS LLC and MONOMOY CAPITAL PARTNERS, L.P., | ) ) ) ) | |
| Defendants. | ) ) | |
| JIM YOUNG, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:12-CV-364 JD |
| FORTIS PLASTICS LLC and MONOMOY CAPITAL PARTNERS, L.P., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are joint motions for preliminary approval of the proposed settlement of these two class action suits. [DE 78 in '363; DE 76 in '364.][1] The Court has reviewed the motions and briefs in support in both cases; the filings appear to be identical in both cases. Accordingly, all of the pending motions are addressed in a single order. The parties seek certification of a settlement class, as well as the Court's preliminary approval of the class settlement as set forth in the Settlement Agreement. [DE 78-1 in '363; DE 76-1 in '364.] In

---

[1] Consistent with the Court's previous order [DE 77], the parties have filed both a redacted and sealed version of the motions at issue here. This order applies equally to the sealed motions. [DE 80 in '363; DE 78 in '364.]

addition, the parties want the Court to approve the Notice of Class Action Settlement. [DE 78-2 in '363; DE 76-2 in '364.]

## I. Background

On September 24, 2014, the Court ordered that class certification was warranted in each case under Rule 23(a) and (b)(3) for a class that was seeking damages under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101.[2] The Plaintiffs alleged that workers at both Fortis Plastics facilities were terminated without the advance notice required by the WARN Act. In the '363 action, the Court certified the following class:

> Any and all persons who worked at or reported to the facility located at 3615 Voorde Drive, South Bend, Indiana, on the date sixty days prior to the closing of that facility.

[DE 62 at 22 in '363.] In the '364 action, the Court certified the following class:

> Any and all persons who worked at or reported to the facility located at 428 South U Street, Fort Smith, Arkansas, on the date sixty days prior to the closing of that facility.

[DE 60 at 19 in '364.] Harwood Feffer, LLP, was appointed as class counsel and Anderson, Agostino & Keller, P.C., was appointed as liaison counsel in each case. Mr. Lace was appointed as class representative in the '363 action and Mr. Young was appointed as class representative in the '364 action. After the parties conducted additional discovery, they reached a settlement. As a result, the parties are requesting that the Court preliminarily approve the settlement, as well as grant related relief.

## II. Consolidation

As an initial matter, based on the proposed settlement—which includes a joint settlement fund from which the claims of both classes would be paid—as well as the substantially identical

---
[2] The Court declined to certify the Indiana Wage Payment claim asserted in the '363 action.

issues raised by these two cases, the Court proposes to consolidate the two cases for the purposes of settlement approval. The parties are **ORDERED** to file, within 10 days of this order, a filing indicating their position with respect to consolidation.

### III. Class Certification

As noted above, the Court previously certified a class in each of the cases at issue in this order. In their joint motion, the parties propose a slightly modified class definition, which would be applicable to both cases. They ask the Court to certify the following class:

> (a) all persons who worked at the Fortis facility located at 3615 Voorde Drive, South Bend, Indiana up to 60 days prior to its closing (the "Indiana Class"), and (b) all persons who worked at the Fortis facility located at 428 South U Street, Fort Smith, Arkansas up to 60 days prior to its closing (the "Arkansas Class").

[DE 81 at 4–5 in '363; DE 77 at 4–5 in '364.]

The Court finds the proposed class meets the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b)(3) and incorporates the reasoning contained in the initial opinions certifying the respective classes in each case. [DE 62 in '363; DE 60 in '364.] Accordingly, the Court **MODIFIES** the definition of the previously certified class to the definition jointly proposed by the parties and stated above.

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). Here, Harwood Feffer, LLP, and Anderson, Agostino & Keller, P.C., have been representing the respective classes since the initial certification was made. For the same reasons previously stated, Harwood Feffer, LLP, is appointed as class counsel and Anderson, Agostino & Keller, P.C., is appointed as liaison counsel for the revised class. Mr.

3

Lace is appointed representative of the Indiana Class and Mr. Young is appointed representative of the Arkansas Class.

### IV. Class Notice and Settlement

For classes certified under Rule 23(b)(3), the following notice must be given to the class members concerning the class certification:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i)      the nature of the action;
> (ii)     the definition of the class certified;
> (iii)    the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see Smith v. Shawnee Library System*, 60 F.3d 317, 321 (7th Cir. 1995) (noting that class members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out, which is an absolute requirement for a court to exercise jurisdiction over those class members) (citations omitted).

And relative to the settlement or compromise of class action claims, as presented by the parties' proposed Settlement Agreement, Rule 23(e) states:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
> (1)     The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2)     If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3)     The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Court finds that the Settlement is within the range of possible approval and that preliminary approval of the Settlement Agreement is warranted. The Settlement Agreement appears to be the product of earnest, informed, arm's length, and non-collusive negotiations; it has no obvious deficiencies; it does not improperly grant preferential treatment to any individual or group of individuals within the Settlement Class; and it warrants notice to Class Members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

Class Notice will be provided to each of the Class Members by first class or other bulk mail as determined by the appointed Settlement Administrator to the most recent address known to Monomoy for each of the Class Members. Such mailing will be made within 21 days of the entry of this Order. The Court will evaluate whether the proposed notice is sufficient prior to proceeding to any fairness hearing based upon the number of Class Members actually receiving notice.

The Court further finds that the form of the Class Notice, attached as Ex. B to the Joint Motion with certain modifications stated below, meets all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law; sufficiently describes, in clear, concise and easily understood

language, the nature of the Actions and claims, the certified Settlement Class, and the issues and defenses; states that the Settlement Agreement, if approved, will be binding on all Class Members; summarizes the terms of the Settlement Agreement and the right of and manner for each of the Class Members to receive payment under the Settlement or to opt-out of or object to the Settlement Agreement; informs each of the Class Members of his or her right to appear by counsel at the Fairness Hearing, and that further information is available from Class Counsel upon request; informs the Class Members that the Settlement Agreement provides for the release of their claims pursuant to the Settlement Agreement and for the payment of Class Counsel's attorneys' fees; and constitutes due, adequate, and sufficient notice to all persons entitled to notice.

Accordingly, the Court **HEREBY ORDERS**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure that:

1. The Settlement Agreement is hereby preliminarily approved—pending a final hearing on the Proposed Settlement—as fair, reasonable and adequate, and as having provided for notice to each of the Class Members of the release of his or her claims, as provided in the Settlement Agreement, should he or she not opt-out of the Settlement. The Settlement Class, defined as (A) all persons who worked at the Fortis facility located at 3615 Voorde Drive, South Bend, Indiana up to 60 days prior to its closing and (B) all persons who worked at the Fortis facility located at 428 South U Street, Fort Smith, Arkansas up to 60 days prior to its closing, is properly certified for settlement purposes, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

2. The form and content of the Class Notice and the service of such notice by the appointed Settlement Administrator by first class mail to each of the Class Members at the

address last known to Monomoy for each individual is hereby approved <u>except with respect to the revisions ordered below</u>. Monomoy will continue to work in good faith with Class Counsel and the Settlement Administrator to determine the correct address for each Class Member, but only to the extent that Monomoy has possession or control of any information relevant to such efforts and otherwise pursuant to the Settlement Agreement.

3. The Class Notice shall be mailed by first class mail by the Settlement Administrator within <u>21 days of entry of the Preliminary Approval Order</u>. <u>Within 20 days after mailing the notices, Class Counsel shall file with this Court a status report identifying those potential class members that could not be located</u>. Based on the number of notices returned as undeliverable, the Court will consider the need for additional methods of notice to the Class Members. The Class Notice shall be substantially similar to the form provided and approved herein [DE 78-2 in '363; DE 76-2 in '364] <u>EXCEPT the following revisions are ORDERED to be made</u>:

- **At the end of the notice, the following language shall be added:**
  This notice has been authorized by the United States District Court for the Northern District of Indiana. The Court has taken no position in this case regarding the merits of the claims, and the Court takes no position on whether any individual should opt-out of the class action.

- **The following deadlines shall be included in the Notice:**

    Page 5:    Claim form to be postmarked by **June 15, 2015**

    Page 6:    Opt-Out letters to be postmarked by **June 15, 2015**

    Page 7:    Objections to be postmarked by **June 29, 2015**

    **The date of the final fairness hearing as set forth at the end of this Order shall be included in the Class Notice in the spaces provided on pages 1, 6, and 8.**

4. The form and content of the Claim form [DE 85 in '363; DE 83 in '364] is approved <u>EXCEPT</u> that on pages 1 and 2, the claim form shall state that the form is to be postmarked by **June 15, 2015.**

5. The Court approves the selection of Berdon Claims Administration LLC ("Berdon") as the Settlement Administrator. Based on a review of publicly available information, Berdon is "a nationally-recognized notice and claims administration firm," *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 182 (S.D.N.Y. 2014), whom has been appointed as claims administrator in several hundred class action lawsuits. The Court directs Plaintiffs to cause Berdon to perform each and every one of the functions listed in Paragraphs 3 and 20–22 of the Settlement Agreement in accordance with the terms of the Settlement Agreement and this Order. Pursuant to the Settlement Agreement, costs associated with the administration of the Settlement, including the cost of notifying the Class Members, shall be reimbursed from the Settlement Fund.

6. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, or case contribution awards for the Class Representatives, only if such comments or objections and any supporting papers are filed with the Court, having been postmarked on or before **June 29, 2015**, and served on counsel as follows:

| **FOR FILING:** | **PLAINTIFFS' LEAD COUNSEL:** |
|---|---|
| Clerk of the Court | Robert I. Harwood |
| United States District Court | Harwood Feffer LLP |
|   for the Northern District of Indiana | 488 Madison Avenue, 8th Floor |
| 204 S. Main St. | New York, NY 10022 |
| South Bend, IN 46601 | |
| Re: WARN Case Nos. 3:12-cv-363-JD and | |
| 3:12-cv-364-JD | |

**MONOMOY'S COUNSEL:**
Donald V. Orlandoni
McDonald Hoppkins PLC
3955 Woodward Avenue, Ste. 318
Bloomfield Hills, MI 48304

7. A hearing on the final approval of the settlement proposed in the Settlement Agreement (the "Fairness Hearing") will be held on a date that allows the Class Members sufficient time to secure further information regarding the relief sought by the Joint Motion, to opt-out of or object to the Settlement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing.

8. A hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his First Floor Courtroom at the Robert A. Grant Federal Building and United States Courthouse, 204 S. Main Street, South Bend, Indiana, 46601 at 2:00 (Eastern Time) on September 2, 2015 to (A) determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court, (B) determine whether a Final Approval Order substantially in the form of Exhibit C to the Joint Motion, should be entered, which would, among other things, dismiss the Actions with prejudice as to Monomoy, (C) determine whether the release by the Class Members of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Releasees, (D) determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court, (E) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, (F) consider the application for case contribution awards for the Class Representatives, and (G) rule upon such other matters as the Settlement contemplates and as the Court may deem just and proper.

9. The Fairness Hearing may be adjourned by the Court without notice to the Class Members other than by an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing. The Court may consider modifications of the Settlement (with the consent of the Class Representatives and Monomoy) without further notice to the Class Members.

10. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement Agreement and dismissing the Actions with prejudice as to Monomoy regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or case contribution awards to the Class Representatives.

11. <u>At least 14 days prior to the deadline for filing and serving objections</u>, Class Counsel shall submit the papers in support of final approval of the Settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and reimbursement of expenses, and case contribution awards for the Class Representatives. The Parties may submit papers in response to any objections in advance of the Fairness Hearing.

12. <u>14 days after Opt-Out letters are due</u>, Class Counsel shall file with the Court a Notice of Class Action Opt-Outs, listing the names of all persons who timely excluded themselves from the Settlement Class by submitting an Opt-Out letter.

13. <u>At least 30 days prior to the Fairness Hearing</u>, Class Counsel shall file with the Court proof of timely compliance with the notice requirements.

14. Monomoy's Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

15. The Court will only consider objections that are timely and valid. To be considered, an objection must be in writing and be signed by the Class Member making the objection and must include the following: (A) the name of this action; (B) the objecting Class Member's full name, address, telephone number, and signature (an attorney's signature is not sufficient); (C) a statement that the objector is a Class Member and an explanation of the basis upon which the objector claims to be a Class Member; (D) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (E) a statement confirming whether the objector or any counsel representing the objector intends to personally appear and/or testify at the final approval hearing; and (F) a list of any persons who may be called to testify at the final approval hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms above shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

16. Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any of the Releases. Pending the Fairness Hearing, the Court stays all proceedings in the Actions, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

17. In the event that Complete Settlement Approval does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing as of the day the Settlement

Agreement was fully executed. In such event, Paragraph 24 of the Settlement Agreement shall govern the rights of the Settling Parties.

18. Under no circumstances shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against Monomoy of any fault, wrongdoing, breach or liability. Nor shall this Order, the Settlement Agreement, any of their terms and provisions, the negotiations or proceedings connected with them, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the Class Representatives or the other Class Members that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

19. The Court retains jurisdiction over all proceedings arising out of or related to the Settlement.

SO ORDERED.

ENTERED: March 24, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court